ANTONIE LUSCZY, RESPONDENT, v. SEABOARD BY-PROD-
UCTS COMPANY, APPELLANT.

Argued October 29, 1924—Decided January 19, 1925.

L., an employe of the S. B. Co., was, in the month of October, 1921,
injured while at work. He was disabled for sixteen days, and
then returned to work. For this temporary disability he was
paid compensation. On April 24th, 1923, L. died. On October
2d, 1923, his widow filed an original petition for compensation,
claiming that his death was due to the accident in October,
1921. *Held*, that section 23 (h) of the Compensation act barred
the widow's claim for compensation.

On appeal from the Supreme Court, whose opinion is re-
ported in 100 *N. J. L.* 54.

For the appellant, *Lindabury, Depue & Faulks (John W.
Bishop, Jr.,* and *Burlis S. Horner,* of counsel).

For the respondent, *Herman A. Berg (James A. Hamill,*
of counsel).

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of
the Supreme Court affirming an award made by the work-
men's compensation bureau. In the year 1921 Paul Lusczy
was an employe of the Seaboard By-Products Company.
His employment was subject to the provisions of section 2
of the Workmen's Compensation act. In the month of Sep-
tember or October, 1921, Lusczy while at work was over-
come by gas and fell through a track hopper sustaining in-
juries which caused a disability for a period of about sixteen
days. He then returned to work. For this injury he was
entitled to and was paid compensation. On April 24th, 1923,
Lusczy died. On October 2d, 1923, a petition for compen-
sation was filed by his widow, Antonie Lusczy. The Sea-

board By-Products Company filed an answer to the petition denying that the death of Lusczy was due to the accident, and setting up that no claim had been filed within the time allowed by law.

The case came on for hearing before the workmen's compensation bureau on December 4th, 1923. The referee at first held that the petitioner was not entitled to compensation because her petition was not filed within one year from the date of the accident, as provided by section 23 (h) of the Compensation act. He further held that, notwithstanding this fact, the petitioner could recover for the expense of her husband's last illness and burial, if there was a causal relation between the accident and his death. The testimony of two physicians was taken. The case was then adjourned for two weeks. On the day fixed for the resumption of the hearing no proceedings were taken. The hearing was resumed on January 7th, 1924. The appellant was not represented on that day. It had no notice that the hearing would on that day be resumed. The deputy commissioner on this day held that the death of Lusczy resulted from the accident. He awarded compensation for three hundred weeks at the rate of $12 per week, together with an allowance of $100 for funeral expenses, and an allowance for the expenses of the last illness, not to exceed $200, and a counsel fee of $150 to be assessed against the appellant.

On January 29th, 1924, an application was made in behalf of the By-Products company to reopen the case on the ground that the award was inconsistent with the prior decision of the deputy commissioner that the petitioner was entitled only to the expense of the decedent's last illness and burial. The appellant was then allowed to put in further evidence.

At the conclusion of this hearing counsel for the by-products company moved to strike out the entire testimony of the two physicians taken in the case upon the ground that their testimony was given in response to hypothetical questions which did not include essential elements and which did include other elements not proven. The deputy commis-

sioner ruled that, technically, this objection was well founded, but before striking out the testimony he offered counsel for the petitioner an opportunity to introduce evidence which would cure the defects complained of. This counsel for the petitioner refused to do, whereupon the deputy commissioner denied the application to strike out this testimony, and stated that he would give the widow the benefit of the doubt, and in the absence of any further testimony would hold the decedent died as a result of the accident, and would award compensation.

The award was removed to the Supreme Court by writ of *certiorari.* The case was heard by a single justice, who affirmed the award.

From the judgment of affirmance entered in the Supreme Court this appeal has been taken. In this appeal there are two questions involved. The first is whether the deputy commissioner had before him legal evidence sufficient to base a finding that there was a causal relation between the accident and the death of Lusczy. The second question is whether the petitioner was barred from obtaining compensation for her husband's death by the fact that her petition was not filed within one year from either the date of the accident or from the date of the last payment of compensation. We think it unnecessary to pass upon the first question, as we have concluded that the petitioner was barred from recovering compensation by the provisions of section 23 (h) of the Workmen's Compensation act. This section of the act provides as follows: "In case of personal injury or death all claims for compensation on account thereof shall be forever barred, unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, at the State House, in Trenton, within one year after the date on which the accident occurred, or in case an agreement of compensation has been made between such employer and such claimant, then within one year after the failure of the employer to make payment pursuant to the terms of such agreement, or, in case a part of the compensation has been paid

by such employer, then within one year after the last payment of compensation." In the present case no petition was filed within one year from the date of the accident. The accident occurred in October, 1921, and the petition was filed on October 2d, 1923, approximately two years after the occurrence of the accident.

The respondent contends that section 21 (f) of the act raises the bar of the limitation imposed by section 23 (h). Section 21 (f) reads as follows: "An agreement or award of compensation may be modified at any time by a subsequent agreement, or reviewed upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased or diminished." The respondent's argument is that the payment of the compensation in November, 1921, for temporary disability, constituted an agreement between Lusczy and the By-Products company to pay compensation; that the petition filed by the widow is an application to review such agreement; that a petition of this nature can be filed at any time and is not subject to the statutory limitation stated in section 23 (h). We think this contention unsound. The statutory provision is that the agreement can only be reviewed upon the application of a party to it. The agreement to pay compensation was an agreement to which only Lusczy and the By-Products company were parties. The widow, who is the petitioner in this case, was not a party to the agreement. Any rights which she may have had for compensation for the death of her husband are rights which flow directly from the statute. They are not rights to which she succeeds as the representative of her husband. The petitioner in this case was not, in our opinion, a party to the agreement, and so is not in a position which entitles her to have it reviewed. Section 21 (f) also only permits a review of the agreement to be had if the incapacity of the injured employe has been subsequently increased or diminished. The incapacity of Lusczy was not increased. Death is not an increase in incapacity within the meaning of this provision of the statute. This is, perhaps, best evidenced by the provision of section 17,

which provides that the employe, if requested, shall submit himself for examination. This provision is made applicable to applications for the review of an agreement for compensation under section 21 of the original act. One who is dead cannot submit himself for examination. Section 21 (f) further provides that an agreement or award may be modified at any time by a subsequent agreement, or reviewed upon the application of either party. The words "at any time" are only applicable to a modification of the agreement by the parties and are not applicable to the review provided for. The review cannot be made "at any time." Section 21 (f) must be read with section 23 (h). Under this latter section, if it can be held that Lusczy's death resulted from the accident, the case is clearly one where a part of the compensation has been paid, and, therefore, under the provisions of section 23 (h), any claim for further compensation would be forever barred unless the petition for such compensation was filed within one year after the date of the last payment of compensation. The scheme of the legislature is clear. All claims for compensation are to be made by the filing of a formal petition within one year after the accident unless the employer admits his liability to pay compensation and agrees to pay it. In case thereafter he fails and refuses to pay the compensation as agreed, the petition must be filed within one year from the date of such refusal and failure to pay. In case the agreement is only for part of the compensation which ought to be paid, and the employer lives up to his agreement and pays the compensation therein provided, a claim for any additional compensation must be filed within one year of the last payment made. Any other construction would result in a situation in which a person injured might apply at any time later to have an additional award made. For, if such an application is not subject to the limitation contained in section 23 (h), it is subject to no limitation at all. Such a situation could never have been intended by the legislature. No employer would ever know when his liability was ended. He could probably obtain no insurance for such outstanding risks.

A reading of the petition filed shows that it is not a petition to review an agreement for compensation. It is an original petition for the payment of compensation, and states expressly that no agreement for compensation was made. The statement contained in the Supreme Court opinion that "at the time of his death the deceased was receiving compensation under an existing agreement with his employer" is not borne out by the record, as the only payment made to Lusczy was in November, 1921, for his temporary disability. The petition in the present case was therefore filed approximately two years after the last and only payment of compensation.

The view that the one-year limitation applies to a case where there has been an agreement for part of the compensation but not all, which agreement has been fully performed, is not inconsistent with the provisions of section 21 (f). When the right to review an agreement for compensation was originally given by the legislature, the right could not be exercised until after the expiration of a year from the making of the agreement or award. *Pamph. L.* 1911, *p.* 143, § 21.

In 1918, when the compensation bureau was created, the act contained a provision similar to 23 (h) of the original Compensation act. In 1919, section 23 (h) of the Compensation act was changed in conformity with the similar provision of the Compensation Bureau act in order to make it conform to and harmonize with the change made in section 21 (f). From this it seems that the whole purpose of the change in section 21 (f) was to limit, and not extend. the time in which an agreement could be reviewed by the compensation bureau. The limiting section of the act having been passed subsequent to the passage of the section providing for a review at any time, and containing a repealer of inconsistent legislation, must control.

For these reasons we have reached the conclusion that the one-year limitation contained in section 23 (h) was applicable to the petition filed in this case, and is a bar to the recovery of the compensation prayed for.

The judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, KAYS, JJ. 12.