HENRY ECKEN, RESPONDENT, v. WILLIAM F. O'BRIEN, PROSECUTOR.

Submitted October 12, 1934—Decided March 29, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, Arthur F. Mead.

For the respondent, Joseph C. Paul.

The opinion of the court was delivered by

HEHER, J. On August 21st, 1929, respondent, Ecken, suffered an injury by an accident which arose out of and in the course of his employment with prosecutor. There were several

"informal" awards, by the compensation bureau, of compensation for the resultant disability—the last on the basis of twenty-five per cent. of total disability. On May 4th, 1932, after full satisfaction of this award, the first formal petition was filed. An answer was filed by the employer, and the proceedings terminated in a stipulation between the parties, providing for the payment of "an additional five per cent. of total disability." Pursuant thereto, the deputy commissioner entered, on July 5th, 1932, what has been termed a "stipulation, settlement, agreement and order." It was therein recited that the employer denied the occurrence of an accident related to prosecutor's employment in the statutory sense, and that the disability from which respondent then suffered was the result of the "alleged accident;" and it was stipulated that the additional compensation be paid and accepted "as a compromise and agreement, and in full and final settlement of all claims of the petitioner, and as a final adjudication of this litigation." It also recited that the petitioner, on the witness stand, before the deputy commissioner, expressed his "complete agreement and satisfaction, with the understanding that he has no further claim against the respondent at any future time, due to the alleged accident;" and it contained the approval of the commissioner of "the above settlement and order that the petition herein be dismissed upon the payment of the above sums of money." There was no testimony relating to the merits of the claim. The claimant only was called as a witness to express his approval of the terms of the agreement.

On January 21st, 1933, after the payment of this additional compensation, the petition in this proceeding, seeking compensation for increased disability, was filed. The employer answered, setting up "a final close out settlement previously made," and therefore lack of jurisdiction. This challenge to the jurisdiction was overruled, and there was an additional award, after hearing, on the basis of ten per cent. of total disablement, for disability occurring after the making of the "settlement" referred to. The Essex Common Pleas held that the evidence clearly established "increased disability;"

that there was no testimony "on the merits before the entry of such stipulation and order;" and that, under the doctrine laid down in *Federated Metals Co.* v. *Boyko*, 11 *N. J. Mis. R.* 807; *affirmed*, 112 *N. J. L.* 87, the stipulation and order were not a bar to a claim for increased disability under section 21 (f) of the Workmen's Compensation act. *Pamph. L.* 1911, *pp.* 134, 143, as amended by chapter 279 of the laws of 1931. *Pamph. L.* 1931, *p.* 704; *N. J. Stat. Serv.* 1931, \*\*236-24 (f). The employer sued out a writ of *certiorari*.

Prosecutor maintains that the governing provision is contained in the amendment of 1931, *supra*. *McLaughlin* v. *Hahne & Co.*, 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542; *Granata* v. *D. W. McGee Construction Co.*, 114 *N. J. L.* 89; 176 *Atl Rep.* 104. And his insistence is that the legislative purpose was to limit a review for "increased or diminished capacity" to formal awards, and that "the only way in which an *agreement* can be changed is by a *subsequent agreement.*" *Ergo*, no formal award having been made in the instant case, the bureau did not have jurisdiction to entertain the application for compensation for increased disability.

But this argument manifestly overlooks the provisions of paragraph 23 (h), section III, of the Compensation act, as amended by chapter 93 of the laws of 1919 (*Pamph. L.* 1919, *pp.* 201, 214), and chapter 279 of the laws of 1931 (*Pamph. L.* 1931, *p.* 704; *N. J. Stat. Serv.* 1931, \*\*236-32 (h), and of paragraph 5 of chapter 149 of the laws of 1918 (*Pamph. L.* 1918, *p.* 429), as amended by chapter 280 of the laws of 1931 (*Pamph. L.* 1931, *p.* 708; *N. J. Stat. Serv.* 1931 \*\*236-46). These acts provide, *inter alia*, that "in case a part of the compensation has been paid by" the employer, where personal injury or death is suffered by an employe, the petition for compensation shall be filed "within two years after the last payment of compensation," or, in default thereof, "all claims for compensation on account" of such injury or death "shall be forever barred." *Hercules Powder Co.* v. *Nieralko*, 113 *N. J. L.* 195; 173 *Atl. Rep.* 606; *affirmed*, 114 *N. J. L.* 254; 176 *Atl. Rep.* 198; *Lusczy* v. *Seaboard By-Products Co.*, 101 *N. J. L.* 170; 127 *Atl. Rep.* 212. The petition herein was filed

within two years after the last payment, made in September, 1932, of compensation under the agreement approved by the deputy commissioner.

The further insistence of prosecutor is that there was no jurisdiction in the bureau, "in view of the fact that a proper and adequate agreement had previously been made," and approved by the deputy commissioner. The principle invoked is declared in *Herbert* v. *Newark Hardware Co.*, 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266, and *Federated Metals Co.* v. *Boyko, supra.* But it is not apposite here. There was no formal adjudication on the merits. The inquiry is to ascertain the character of the proceeding. Has the liability under the statute been litigated, and a final determination on the merits had, or was the disposition a mere agreement of compromise, approved by the compensation bureau? *Granata* v. *D. W. McGee Construction Co., supra.* It is evident that the instant case falls within the latter classification. There was no formal award or judgment. The order claimed to have this effect was, in terms, an approval of the "settlement" made by the parties. It did not make an award; it merely dismissed the petition "upon the payment of the sums of money" provided by the approved "settlement." Compare *Federal Leather Co.* v. *De Rensis,* 113 *N. J. L.* 235; 174 *Atl. Rep.* 163; *Anderson* v. *Public Service Electric and Gas Co.*, 114 *N. J. L.* 515. And if the order has the elements of a final award and judgment, it is reviewable under paragraph 21 (f) of the act, upon the ground of "subsequently increased" disability, since this proceeding was instituted within two years from the date when the disabled employe "last received a payment." *Pamph. L.* 1931, *supra.* It follows that an affirmance is required.

Judgment affirmed, with costs.