HENRY ECKEN, DEFENDANT-RESPONDENT, v. WILLIAM F. O'BRIEN, PROSECUTOR-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Cox & Walburg* and *Arthur F. Mead.*

For the respondent, *Herbert C. Dolan.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to review an award of compensation to the respondent. There were several informal awards and finally on July 5th, 1932, an agreement for compensation was entered into and approved by the workmen's compensation bureau. There was no testimony taken by the bureau as to the nature of the injuries, and the approval was based entirely on the consent of the parties.

On January 21st, 1933, the present petition was filed seeking compensation for increased disability and an award was made and sustained by the Common Pleas and Supreme Court.

The appellant argues that the agreement of July 5th, 1932, was such a final settlement and judgment as to bar a reopening of the case under the decision in *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266, but we are of the opinion that the Supreme Court correctly determined that the facts here were not such as to bring the case within the rule of that decision.

The other insistence of the appellant is that under the 1931 amendment to section 21f of the Compensation act, an agreement for compensation may not be inquired into by the bureau but can be changed only by a subsequent agreement. The section reads:

"An agreement for compensation may be modified at any time by a subsequent agreement, or a formal award reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased, or reviewed at any time on the ground that the disability has diminished."

However, this section is not the exclusive method provided by the act for the filing of a petition after a compromise agreement has been entered into. Both sections 5 and 23h make such provision. Section 23h, as amended by chapter 279, *Pamph. L.* 1931, is:

"In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the Workmen's Compensation Bureau, at the State House, in Trenton, as prescribed in paragraph five of the Supplement to this act, approved February twenty-eight, one thousand nine hundred and eighteen, as chapter one hundred and forty-nine, as later amended."

Paragraph 5, as amended by chapter 280, *Pamph. L.* 1931, reads:

"Every claimant for compensation under the act to which this act is a supplement, or its supplements or amendments, shall, unless a settlement is effected or a petition filed under the provisions of section four, file a petition in duplicate with the secretary of said bureau in his office, at the State House, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between such employer and such claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by such employer, then within two years after the last payment of compensation. * * *"

In *Thomas* v. *Liondale Bleach, Dye and Print Works,* 10 *N. J. Mis. R.* 255; *affirmed,* 110 *N. J. L.* 27, an award for increased disability was sustained under section 23h after a compromise agreement had been entered into and approved.

At that time the petition was required to be filed within one year after the last payment of compensation; otherwise the section is substantially the same.

Appellant contends that these sections have no application to the instant case because here *all* the compensation provided for by the agreement of compromise has been paid and the sections may be resorted to only when "a part of the compensation has been paid by such employer." However, this court has held that this language means a part of what ought to have been paid and not a part of what was agreed to be paid. In *Lusczy* v. *Seaboard By-Products Co.*, 101 *N. J. L.* 170, it was said:

"In case the agreement is only for part of the compensation which ought to be paid, and the employer lives up to his agreement and pays the compensation therein provided, a claim for any additional compensation must be filed within one year of the last payment made."

This construction was followed in *Thomas* v. *Liondale Bleach, Dye and Print Works, supra*.

We conclude, therefore, that regardless of the construction of section 21f contended for by the appellant, the workmen's compensation bureau had jurisdiction under section 23h and paragraph 5 to entertain the petition.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 11.

*For reversal*—None.