STRENG'S PIECE DYE WORKS, INCORPORATED, PROSE-
CUTOR-APPELLANT, v. ROCCO GALASSO, DEFENDANT-
RESPONDENT.

Argued February 4, 1937—Decided April 30, 1937.

For the appellant, *Merritt Lane*.

For the respondent, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

The opinion of the court was delivered by

HEHER, J. We concur in the view entertained by appellant that the "determination and rule for judgment," entered in the compensation bureau on March 24th, 1932, was in essence a mere agreement of compromise, approved by the bureau, and therefore not a "formal award" within the intendment of paragraph 21 (f), section II, of the Workmen's Compensation act of 1911, as amended by chapter 279 of the laws of 1931. *Pamph. L.* 1911, *pp.* 134, 763; *Pamph. L.* 1931, *p.* 704. Respondent's contrary insistence rests upon a palpable misinterpretation. Therefore, the provision of paragraph 21 (f), *supra,* as amended, investing the bureau with jurisdiction to make an additional award for an increase of disability is inapplicable. Of this more hereafter. And appellant's claim of finality likewise falls under the construction given the Compensation act in the recently decided case of *P. Bronstein & Co.* v. *Hoffman,* 117 *N. J. L.* 500.

This award recites that, "by agreement between counsel, a compromise settlement was reached with the understanding that the compromise would operate as a complete and final close-out of the claim for all time," and that, "after going over the facts of the case and after hearing the testimony of Dr. Joseph Koppel, who testified that the settlement in his opinion was fair and proper, and after placing the petitioner on the stand and explaining to him that his claim was being settled on the basis outlined" therein "as a complete and final disposition of the case for all time, and after getting his consent to the same under oath," the referee had concluded it was "to the best interest of both parties to settle the case on the basis outlined;" and, in accordance therewith, it was directed that judgment be entered for the petitioner "on the basis of the compromise agreement reached between the parties as a final disposition of the case for all time * * *."

Plainly, there was no decision of the merits of the disabled employe's claim for compensation under the statute. There were no findings of fact. See *Patton* v. *American Oil Co.,* 13 *N. J. Mis. R.* 825; *affirmed,* 116 *N. J. L.* 382; *Dreyfus* v. *Lutz Co.,* 6 *N. J. Mis. R.* 608; *affirmed,* 106 *N. J. L.* 566.

The referee's conclusions seem to have been predicated upon the "opinion" of the named physician that the "settlement" was "fair and proper." To have the conclusive character of a final judgment, an award must of necessity rest upon the bureau's independent determination of the issues upon the merits, after hearing in the customary mode. The bureau's approval of an agreement between the parties for less than "lawful and adequate compensation" for the disabled employe is not conclusive; the evident purpose of the statutory requirement of the bureau's approbation of an agreement for compensation was to secure full compliance with the statute. "The agreement is required to be consonant with the law applicable to the facts found." *P. Bronstein & Co.* v. *Hoffman, supra.*

And, for another reason, respondent's contention is demonstrably illogical and unsound. The award thus made manifestly rests upon the "compromise settlement" reached by the parties "with the understanding" that it "would operate as a complete and final close-out of the claim for all time." It derives its efficacy from the agreement of the parties alone; certainly, not from the statute. The underlying agreement, therefore, must stand or fall in its entirety. As counsel for appellant points out, if the determination so made has the attributes of a final judgment, it is *res judicata* of all matters thereby comprehended; and, in that situation, the bureau is not possessed of jurisdiction to award compensation for increased disability under paragraph 21 (f), *supra,* for the parties expressly contracted for a surrender of all claim for incapacity thereafter ensuing from the injury. As stated, it was declared to be "a final close-out of the case for all time." Furthermore, the judgment, if of that character, would be conclusive of the basic issue of liability; and thus the employer could not litigate this question on a petition for increased disability, even though the compromise were based upon a denial of liability. The valid exercise of the authority to award compensation for an after-occurring incapacity under paragraph 21 (f), *supra,* presupposes a final judgment establishing a compensable injury. *Drake* v. *C. V. Hill &*

*Co.*, 117 *N. J. L.* 290. A doctrine that would permit the employe to avoid in part an agreement thus made, so as to impose a greater obligation on the employer, would be violative of the plainest principles of justice. To hold such an agreement binding and enforceable in some but not all of its essential and inducing provisions would be distortive of the common intention.

The statute, in so limiting the bureau's jurisdiction to the approval of agreements for lawful and adequate compensation, makes no distinction between existent and future incapacity. The jurisdictional circumscription is as definite in the one case as in the other. An agreement relating to either class of incapacity is tested by the requirements of the statute, and not by the will of the parties. The bureau's approval, no matter what its form, concludes the parties only if it satisfy the demands of the statute. *P. Bronstein & Co.* v. *Hoffman, supra.*

But the judgment under review is nevertheless unassailable. Although the instant petition is termed one for "increased compensation," it is yet classable as a formal petition for compensation filed within the time limited by paragraph 5 of chapter 149 of the laws of 1918 (*Pamph. L., pp.* 428, 431), as amended by chapter 280 of the laws of 1931 (*Pamph. L., p.* 708), and clause (h) of paragraph 23, section III, of the Compensation act of 1911, as amended by chapter 279 of the laws of 1931. *Pamph. L., pp.* 704, 707. See *Ecken* v. *O'Brien,* 115 *N. J. L.* 33; *affirmed,* 116 *Id.* 94. The accident occurred on April 20th, 1931. As noted, the first award was entered on March 24th, 1932. The instant petition was filed on February 10th, 1933. The filing of a formal petition for compensation is obviously not determinative of the character of the ultimate action. The original action here terminated in an agreement by the parties, ratified by the bureau; and the result is not essentially different from the approval of an agreement not ensuing from an adversary proceeding.

If the award made be viewed as a final judgment, there arises the very interesting question (upon which we express

no opinion) of whether a retroactive construction of the amendment of paragraph 21 (f), effected by chapter 279 of the laws of 1931, *supra,* invades the constitutional guaranties against impairment of the obligation of a contract and of due process of law, in that the limitations upon the power of review therein granted, laid down in the case of *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266, "were [to state the point in the language employed by appellant] parts of the implied contract," and therefore a cause of action involving a "change in the contract obligations" would come into being in virtue of the amendment "after the contractual relationship of employer and employe had ceased," and thus there would result material changes in the substantive rights of the parties. Apparently, the question was not mooted in *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; *affirmed,* 113 *N. J. L.* 32. In this connection, it is to be observed that ours is an elective and not a compulsory compensation system; it stems from the mutual concord of the parties.

But this asserted vice does not, as also urged by appellant, inhere in a retroactive construction of the amendments (adopted in 1931) of paragraph 5 of chapter 149 of the laws of 1918, *supra,* and clause (h) of paragraph 23, section III, of the Compensation act of 1911, extending the time for the enforceability of claims arising thereunder. These enactments do not, as appellant suggests, create an additional right after the termination of the relation of master and servant. They affect the remedy merely, and not the substantive contractual rights of the parties. Appellant proceeds on the erroneous premise that, prior to the amendments of 1931, *supra,* the statute was reasonably susceptible of the construction that "the date as of which the disability would be determined was one year [extended by the amendments to two years] after the happening of certain events." In a litigated proceeding, the employe is entitled to compensation for the disability existent at the time of the final adjudication. *Drake* v. *C. V. Hill & Co., supra.* Moreover, the present petition was filed within one year from the time of the last payment of compensation under the approved agreement. The

instant award to respondent is therefore without legal infirmity.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   13.

*For reversal*—None.