New Jersey Department of Labor,
Workmen's Compensation Bureau.

HARRY RIGHTMYER, PETITIONER, v. TOTOWA BOROUGH, RESPONDENT.

Decided March 8, 1938.

For the petitioner, *Nathan Rabinowilz*.

For the respondent, *Edwards, Smith & Dawson*.

\*      \*      \*      \*      \*      \*      \*

In the case *sub judice* petition was filed September 21st, 1932, alleging that petitioner while employed as a patrolman by the respondent, borough of Totowa, under date of November 14th, 1931, met with an occurrence as hereinafter described which caused him both temporary and permanent injury. Case was scheduled for hearing and testimony taken. Before completion of case or on December 23d, 1932, a settlement was entered into based upon fifty per cent. of total or two hundred fifty weeks' compensation at the rate of $20 per week together with other fees both medical and legal. This settlement was to be considered as "full and final." Provisions to that effect are so stated in order signed by me under date of January 4th, 1933.

On October 30th, 1936, petition to reopen was filed by petitioner alleging an increase in petitioner's disability. Respondent strenuously objected to the reopening of case alleging that:

1. Settlement entered into December 23d, 1932, was full and final and should not be disturbed.

2. That petitioner did not meet with an accident arising out of and in the course of employment.

As to the effect of full and final closeouts when approved by the bureau, the appellate courts have subsequently voiced their contention in various cases among which are the following: *Bornstein & Co.* v. *Hoffman*, 117 *N. J. L.* 500; 189 *Atl. Rep.* 121; *Ecken* v. *O'Brien*, 116 *N. J. L.* 94; 183 *Atl. Rep.* 273; *Streng's Piece Dye Works* v. *Galasso*, 118 *N. J. L.* 257; 191 *Atl. Rep.* 874.

In substance the law in connection with such cases is that every case must be disposed of upon its merits and that a compromise based upon a lesser amount is not effective, petitioner being entitled to the full amount as contemplated under the act if he has a meritorious case or if same lacks merit compensation is not payable.

In my judgment after a careful consideration of the arguments advanced by the respondent's attorney relative to the reopening of the case and in view of existing decisions, the facts were such as to warrant a reopening of the cause and a disposition made upon the merits of the case.

Case was scheduled for hearing before me in Hackensack and testimony taken.

Testimony reflected the following facts:

Petitioner was employed as a regular policeman by the respondent on November 14th, 1931, he was on regular duty in uniform from four A. M. to twelve noon. He then went home and subsequently either voluntarily or as alleged by his brother-in-law, one William Thomas, was called to the place of Mike Finucan who conducted what was commonly known in the days of prohibition era as a "speakeasy." Thomas was employed as a bartender by Finucan. It appears that two of the patrons of this establishment, Polgaze and Bordeau, had sojourned there on the afternoon in question and imbibed of the liquid beverages dispensed therein.

There is a contrariety of the testimony relative to what really occurred during that particular afternoon. Allegation of the petitioner is to the effect that in his efforts to prevent

Polgaze and Bordeau from driving their auto, claiming they were in no fit condition to drive, he was attacked by them and sustained the injuries from which he now suffers.

I have carefully considered the testimony of the various witnesses relative to the factual question involved and have come to the conclusion that petitioner at the time of the accident was acting within the scope of his employment, that the respondent had full knowledge of the occurrence and under the interpretation of an accident as defined in Bryant *v.* Fissell comes within the jurisdiction of the workmen's compensation bureau.

As the result of the attack petitioner developed neurological symptoms shortly after the assault, particularly impairment of his speech and vocal power but continued at his employment until July 4th, 1932.

As a part of the record we have the testimony of Dr. Leo Davidoff who operated upon petitioner in July, 1932. His testimony is summarized in the original order signed by me under date of January 4th, 1933, and is as follows:

I find, from the testimony, that there is a causal relationship between the injuries suffered by reason of the said assault, and the condition found at the operation, and that said tumor was stirred up from a quiescent into an active pathological factor and aggravated by reason of which and because of said injury so sustained, the symptoms of which petitioner is now suffering, were produced. That by reason of the operation, parts of the petitioner's skull had to be removed and certain scar tissue formed, and that because of the blows administered and the operation required to be performed, petitioner is now suffering from paralysis of his right side, leg and arm, an impairment of his voice and vocal organs, epileptic fits, and other symptoms of a neurological nature, all due to the injuries sustained by reason of said accident.

I further find that the petitioner is entitled to temporary disability during the period beginning from the 5th day of July, 1932, when the petitioner was obliged to stop work by reason of his condition and that temporary disability continued from said date during which period he entered Beth Israel Hospital on July 26th, 1932, at which hospital he was

operated on July 29th, 1932, being discharged from said hospital August 12th, 1932, but was compelled to return to said hospital on August 19th, 1932, returning to his home August 29th, 1932, and that subsequently Dr. Cremens attended him regularly, the petitioner again returning to Dr. Leo Davidoff on September 12th, 1932, and October 4th, 1932, continuing with further treatment by Dr. Cremens for four months subsequent to said date which extends the period of temporary disability to February 4th, 1933.

According to the terms of the finding of facts, determination, and award entered into between the parties dated January 4th, 1933, and filed in this cause, respondent paid petitioner compensation on the basis of fifty per cent. of total disability equal to two hundred fifty (250) weeks at $20 per week from November 14th, 1931, but that petitioner's permanent disability exceeds said fifty per cent. and is at present one hundred per cent. permanent disability.

Judgment is hereby entered as follows:

Temporary disability—July 5th, 1932 to February 4th, 1933 at, compensation rate of $20 per week.

Permanent disability—one hundred per cent. total or four hundred weeks at compensation rate of $20 per week (respondent to be credited with amount of compensation already paid on account of permanent disability).

At the end of that time petitioner shall submit to such physical or educational rehabilitation as may have been ordered by the rehabilitation commission of the state and can show that because of such disability it is impossible for him to obtain wages or earnings equal to those earned at the time of the accident, in which case further weekly payments shall be made during the period of such disability.

\*    \*    \*    \*    \*    \*    \*

It is, therefore, on this 8th day of March, 1938, ordered that judgment as outlined be entered in favor of the petitioner and against the respondent.

JOHN C. WEGNER,
*Referee.*