NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

AMANDA HENDERSON, PETITIONER, v. IDA SHAW, RESPONDENT.

Decided July 18, 1940.

For the petitioner, *Emil Neblo.*

For the respondent, *Francis X. Kenneally.*

\*       \*       \*       \*       \*       \*       \*

This case involves an accident suffered by petitioner on May 27, 1932, while in the employ of respondent. Pleadings filed on behalf of the petitioner are in effect an application to reopen the original petition filed in the case on July 12th, 1932.

At the opening of the trial respondent moved for a dismissal of the present petition, filed on December 16th, 1939, on the ground that the same was not filed within the time limited by law, namely within two years of the last payment of compensation, which was made under agreement of compromise entered into by the parties litigant following and as a result of the petition of July 12th, 1932, which agreement was entered into under date of November 12th, 1932. Under the terms of this agreement respondent made payment of temporary compensation for the period of May 27th, 1932, to and including November 3d, 1932, and in addition thereto twenty-five per cent. of total disability, 125 weeks, payments thereunder would have terminated March 28th, 1935, in the statutory sense.

In opposing said motion, petitioner's counsel advances the theory that since there was no hearing on the merits of the case, the petition of July 12th, 1932, is undisposed of and is to-day in full force and effect and petitioner is now entitled to a determination of the case on its merits thereunder, citing in support of this contention the cases of *Ruoff* v. *Blasi,* 117 *N. J. L.* 314; *P. Bronstein & Co.* v. *Hoffman,* 117 *Id.* 500; *Stroebel* v. *Jefferson Trucking and Rigging Co.,* 124 *Id.* 210.

In all of these cases, however, it is noted, and expressly remarked upon by the court, that the petition to reopen was filed either within two years of the last actual payment, or within two years when the compensation in the statutory sense should have been paid. Such is not the situation here for the compensation under the agreement in this case in the statutory sense would have been completed on March 28th, 1935, as noted above, although actually paid in a lump sum at the time of the making of the agreement, and the petition to reopen was not filed until December 16th, 1939, over four years later.

It would seem that the making of payments under an agreement for compensation puts in operation the statutory time limitation and requires that a petition, in a factual situation such as the case at the bar, for additional compensation be filed within two years of the last date of payment in the statutory sense. There are many cases reported where reopening has been allowed after the making of an agreement but in every one of them the petition for reopening was filed within the statutory time limit, and the mere fact that a petition had been filed prior to the making of the agreement would not affect the running of the statute. *Lusczy* v. *Seaboard By-Products Co.,* 101 *N. J. L.* 170; 127 *Atl. Rep.* 212; *Ecken* v. *O'Brien,* 116 *N. J. L.* 94; 183 *Atl. Rep.* 273.

I conclude, therefore, that the bureau is without jurisdiction to entertain the present petition and same should be dismissed.

\*       \*       \*       \*       \*       \*       \*

HARRY H. UMBERGER,
*Deputy Commissioner.*