ANTHONY JASAITIS, PETITIONER-RESPONDENT, v. CITY
OF PATERSON, RESPONDENT-APPELLANT.

Argued October 13, 1959—Decided November 9, 1959.

*Mr. Ervan F. Kushner* argued the cause for respondent-appellant.

*Mr. John C. Wegner* argued the cause for petitioner-respondent.

The opinion of the court was delivered by

Schettino, J.   Petitioner, a regular policeman employed by respondent, seeks workmen's compensation under *R. S.* 34:15–7.   On February 4, 1956, he completed his regular tour of duty and checked out at 6:00 P. M.   While traveling home, still in uniform, he was injured when he slipped on an icy patch just after alighting from a bus.   He sustained a fracture of his left foot.   The accident occurred at about 6:20 P. M.

He received an award in the Division of Workmen's Compensation but the County Court dismissed his petition. On appeal the Appellate Division remanded for further proofs as to whether petitioner was furnished transportation by respondent as a perquisite of the employment, and if so, whether the accident occurred in sufficiently close relationship to the transportation as to be referable thereto for compensation purposes.   The Appellate Division also provided that the Division may take proof "upon such other matters as the Division deems advisable."   *Jasailis v. City of Paterson,* 48 *N. J. Super.* 103, 111 *(App. Div.* 1957).

Following the remand the Division granted an award, the County Court dismissed and the Appellate Division reinstated the award.   55 *N. J. Super.* 138 *(App. Div.* 1959). We granted certification.   30 *N. J.* 153 (1959).   The extent of petitioner's disability was not involved in the appeals.

The Appellate Division concluded that respondent furnished transportation to and from work and on that basis found a work-connection. It also agreed with the Deputy Director that, although petitioner had physically left the bus, he was in a "twilight zone" in respect to the transportation wherein he should be accorded the "broad or more favorable interpretation," bringing the accident within the course of employment.

Prior to argument the parties were notified (*Ford v. Reichert*, 23 *N. J.* 429, 435 (1957)) that we desired fuller argument on the further question whether if a police officer is permitted by regulation to wear his uniform for a period of time after the conclusion of his assigned tour of duty and also is required by regulation, while in uniform, to perform duties if the need for police service should arise, he is within the protection of Workmen's Compensation Act even when traveling from and to his work and his home.

■ The general rule is that an accident sustained by an employee while going to or returning from his place of work is not considered as arising out of and in the course of employment. *Moosebrugger v. Prospect Presbyterian Church*, 12 *N. J.* 212, 214 (1953); *Ryan v. St. Vincent de Paul R. C. Church*, 41 *N. J. Super.* 206, 211 (*App. Div.* 1956); 58 *Am. Jur.*, "Workmen's Compensation," § 217, *pp.* 723–724. There are exceptions to the general rule. One allows compensation when transportation is furnished by the employer to and from the place of employment. *Plumstead v. Township of Roxbury*, 8 *N. J. Misc.* 717 (*Sup. Ct.* 1930), affirmed 108 *N. J. L.* 202 (*E. & A.* 1931); *Rubeo v. Arthur McMullen Co.*, 117 *N. J. L.* 574 (*E. & A.* 1937), opinion after remand, see 118 *N. J. L.* 530 (*Sup. Ct.* 1937); *Micieli v. Erie Railroad Company*, 130 *N. J. L.* 448 (*Sup. Ct.* 1943), affirmed, 131 *N. J. L.* 427 (*E. & A.* 1944).

■ The Appellate Division found the case came within the exception just stated. We do not agree. From our examination of the record we cannot find that respondent

authorized or supplied free transportation to any "off-duty" uniformed policeman. The record does show that uniformed policemen in fact rode without payment, but there is nothing to support petitioner's conjecture that the utility deducted the fares from the gross receipts tax payable by it to respondent under R. S. 48:3–32.

■ We do, however, find that petitioner should prevail on the basis that a policeman, while wearing in public a uniform during a period of time permitted by the police department's rules and regulations, is still in the performance of his duties within the meaning of the workmen's compensation statute.

■ Although petitioner had a prescribed tour of duty, he nonetheless was subject to call around the clock. The regulations so provide. There can be no doubt that when a policeman responds to a summons during "off-duty" hours, he returns to the course of employment for compensation purposes. *Van Ness v. Borough of Haledon,* 136 *N. J. L.* 623, 627 (*E. & A.* 1948); *Rightmyer v. Totowa Borough,* 16 *N. J. Misc.* 161 (*W. C. B.* 1938). Here petitioner had concluded his prescribed tour of duty, but was permitted by the rules of respondent to wear the uniform for one hour before and after the fixed duty hours. Although not required to wear the uniform to and from work, he was permitted to do so within the one-hour limitation. The permission thus provided was not of unilateral benefit to petitioner. It served as well the interests of respondent in the rendition of police protection. While thus clothed in uniform, petitioner was subject to specific restrictions whether or not "on duty," *i. e.,* he could not visit any place of amusement and could not carry any package or bundle except in actual performance of duty. The restrictions in a sense stem from the circumstance that the uniform has the same significance to the public whether the wearer is technically on or off duty. As pointed out by the Appellate Division, in such a situation respondent and its public expect and obtain real benefits from petitioner. *Cf. Tocci v. Tessler*

*& Weiss, Inc.,* 28 *N. J.* 582, 593 (1959). He deters crime by his uniformed presence, acts as a haven for those in need of protection and symbolizes a safe community. *Cf. State v. Sutton,* 87 *N. J. L.* 192, 193 *(E. & A.* 1915); *State ex rel. Schoedinger v. Lentz,* 132 *Ohio St.* 50, 5 *N. E. 2d* 167, 169–170 *(Sup. Ct.* 1936); *Police Patrol* by Richard L. Holcomb, Chief, Bureau of Police Science, State University of Iowa (1952 *ed.*) at *page* 3; and *Municipal Police Administration (4th ed.* 1954) at *pages* 256, 257 and 260.

Hence we conclude that where a municipality permits the wearing of a uniform "off-duty," it derives a service or benefit distinguishable only in degree from the service received "on duty." The policeman in such circumstances is so inevitably identified with and implicated in the job of public protection that he should be deemed to be still in the course of employment within the meaning of the statute. Since here the accident was suffered while petitioner was wearing his uniform in public with permission of respondent, he was entitled to compensation.

Affirm.

JACOBS, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.