GERTRUDE M. O'DONOHUE *v.* INREDECO, INC., ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 8—decided March 17, 1972

*Morgan P. Ames,* with whom, on the brief, was *Fredric H. Weisberg,* for the appellant (plaintiff).

*Edward F. Halloran,* with whom, on the brief, was *Richard P. Gilardi,* for the appellees (defendants).

PER CURIAM. The plaintiff appealed from a judgment of the Superior Court which sustained a finding and award by the compensation commissioner for the fourth congressional district adjudging that the plaintiff's claim for workmen's compensation benefits arising from the death of her husband be dismissed. On December 11, 1967, the plaintiff's husband was in the employ of the defendant Inredeco, Inc. At about 11:30 a.m., his immediate superior summoned him to his office in Stamford for a conference concerning the employer's business with a bank on the Pacific coast. Because of the difference in time between the east and west coasts no contact was then made with the Pacific coast bank. Thereupon, his superior instructed the decedent: "Daniel, I want you to go to lunch now. Come back early, and we'll start the program immediately after lunch." He was expected back from lunch at about 1:30 p.m. The plaintiff's husband died from injuries sustained in a motor vehicle accident occurring on a public highway while he was returning to his place of employment after lunch, which he had at home. The commissioner found that "[f]rom the time he left his place of employment . . . to go home for lunch, and up to the time of his mishap, the decedent was doing an act which had no direct or incidental relation to his employment" and concluded that he did not sustain any accidental injury which arose out of and in the course of his employment.

The burden was on the plaintiff to prove that the decedent sustained an injury, not merely in the course of his employment but also arising out of it. *Gordon* v. *United Aircraft Corporation,* 150 Conn. 328, 329, 189 A.2d 384. We find no error in the refusal of the court to alter the finding of the com-

missioner and in sustaining the finding that the decedent did not sustain any accidental injury which arose out of and in the course of his employment.

There is no error.