Richard W. ABSHIRE

v.

CITY OF ROCKLAND and Commercial Union Insurance Company.

Supreme Judicial Court of Maine.

July 18, 1978.

Grossman, Faber & Miller by Barry M. Faber, Rockland (orally), for plaintiff.

Clyde L. Wheeler, Waterville (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

On February 18, 1976, Richard W. Abshire was employed as a police officer by the City of Rockland. On the morning of the day in question he had appeared in court to testify in a case in which he had been involved. Believing that his presence was no longer necessary at court, he went home for lunch.

Sometime after he had arrived home, he was notified that he was expected to testify in another case scheduled for that afternoon. Since he was scheduled to go on duty at 4:00 p. m., he donned his uniform and started his drive back to the courthouse. The driving was hazardous because of a snowstorm. Before reaching the court-house Abshire's car was struck by another vehicle and he suffered severe injuries to various parts of his body.

He brought a petition for an award of compensation before the Industrial Accident Commission alleging that his injuries arose *"out of and in the course of his employment."* Abshire's wife also brought a petition before the Commission claiming entitlement to an award for loss of consortium. After hearings, the Commission dismissed the petition for loss of consortium for lack of jurisdiction, finding *"no basis in the Workman's Compensation Statute in the State of Maine giving [the Commission] jurisdiction over the subject matter of the Motion."*

■ The Commission granted the petition for award of compensation, however, ordering that *"compensation be paid for total incapacity to work from February 18, 1976 to the date he in fact returned to work if he did and if he has not returned to work until further order of this Commission."* A pro forma judgment [1] was later entered in Superior Court affirming the decision of the Commission.

The City of Rockland then timely filed this appeal and the petitioner cross-appealed from the dismissal of the petition for loss of consortium.

Three issues are now before us.

First: Did the Commission correctly dismiss for lack of jurisdiction, the petition for loss of consortium.

Second: Did the Commission err in its finding that appellee's accident arose out of and in the course of his employment.

Third: Does the evidence support a determination that appellee be awarded compensation for total incapacity.

We deny both Richard Abshire's cross-appeal and the appeal by the City of Rockland insofar as it questions the finding that Richard Abshire's accident arose out of and in the course of his employment. In view

---

1. It does not appear from the record which party sought the pro forma decree in Superior Court. It would have been helpful to this Court had that information been designated as part of the record.

of the inconclusiveness of the hearings and the Commission's decree in regard to Mr. Abshire's eligibility for compensation for total incapacity, we remand this case for further hearings.

We discuss each issue raised in turn.

■ Counsel has cited no authority to support the argument that the Industrial Accident Commission has jurisdiction to make an award for loss of consortium. 39 M.R.S.A. § 51 provides that an *employee* is entitled to compensation if other conditions of the statute are fulfilled. Those other than employees are entitled to benefits only in the event of the employee's death, *see* 39 M.R.S.A. §§ 58, 60, or where the employee is a minor or is mentally incompetent, *see* 39 M.R.S.A. § 66. We find no authority from other jurisdictions allowing this type of claim to be brought under Workmen's Compensation Statutes. The cross-appeal must be denied.

We turn next to the City of Rockland's claim that the appellee's injuries did not *"arise[ing] out of and in the course of [appellee's] employment"* and therefore were not compensable under 39 M.R.S.A. § 51.

■ In *Oliver v. Wyandotte Industries Corp.,* Me., 308 A.2d 860, 861 (1973), we noted that this Court has consistently recognized the so-called *"public street"* rule that accidents are not compensable if they occur on the public streets when an employee is merely on his way to or from his place of employment. The City of Rockland argues that this rule is applicable to the situation presented here where an employee leaves his place of employment for lunch and is injured either on the way to lunch or on the way back. Under this rule, the City contends, appellee is not eligible for compensation benefits because the accident did not arise *"out of and in the course of"* appellee's employment.

■ The City's contentions are correct as far as they go. However, we find the circumstances of this case require application of the *"special errand"* exception to the *"public streets"* rule.

The terms of appellee's employment at the time of the accident were spelled out in a collective bargaining agreement. Appellee was guaranteed a *"regular work week"* of 40 hours with payment therefor to be made according to a *"Pay Plan."* In the event appellee was required to appear in court at a time outside his regular workshift, he was to be compensated for a minimum of two hours of pay at the applicable hourly rate. If time spent in court exceeded two hours, appellee was to be paid for the actual hours spent for a case.

It is undisputed that appellee had been compensated for the hours actually spent in court on the morning of February 18. It is also clear that appellee would have been entitled to pay for the time spent in court that afternoon had he been able to attend. Finally, it is clear that appellee had not yet started his regularly scheduled duties at the time of the accident, and that he was neither compensated for time spent during his lunch hour nor was he required by his employer to eat lunch at any particular place.

■ In applying the *"public street"* rule we have noted that the rule is *"not as a convenient arbitrary delineation of the outer limits of the employer's responsibility"* but is instead a recognition of the fact *"that when the employee is exposed to the same hazards, and no more, as other members of the travelling public the accident cannot have arisen out of the employment."* *Oliver v. Wyandotte Industries Corp., supra* at 861. It follows, then, that when a travelling employee is exposed, because of the circumstances of his employment, to risks greater than those encountered by the travelling public, the general rule may not be applicable. Thus, this Court has recognized certain exceptions to the rule.[2]

■ One exception which has been recognized in other jurisdictions is the *"special*

---

2. In *Oliver v. Wyandotte Industries Corp., supra,* we held that, if *"a condition existed on the employer's premises which made hazardous the employee's exit into the public street"* and which caused the injury complained of, the injury might be viewed as having arisen out of and in the course of employment. Similarly, a fireman's injuries, sustained while going home for lunch, were deemed to arise out of and in the course of employment where the fireman

errand" rule, which has been defined as follows in 1 A. Larson, *The Law of Workmen's Compensation* § 16.10 (1978):

> When an employee, having identifiable time and space limits[3] on his employment, makes an off-premises journey which would not normally be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. (original footnotes omitted)

We see no reason why this exception should not be applied by the Commission when the circumstances warrant.[4]

In the instant case, the Commission found that this exception was applicable. From the facts, the Commission was justified in finding that appellee's court attendance was one aspect of his duties as a police officer. As such, an accident occurring in the course of travelling to court would not ordinarily be compensable. The distinguishing factor here, however is that appellee was called at home by his superiors and told that his appearance in court later that afternoon was necessary. Appellee, moreover, was under pressure to arrive at the courthouse at a certain time. The journey here, then, was made at the special request of appellee's employer. The appellee's injuries resulting from the journey to the courthouse must be deemed to have arisen out of and in the course of his employment.[5]

We turn finally to the City of Rockland's claim that an award of compen-

---

was on 24-hour call. *See Fogg's Case,* 125 Me. 168, 132 A. 129 (1926). Where the employer furnishes transportation, injuries incurred while commuting have been held compensable. *See Littlefield's Case,* 126 Me. 159, 136 A. 724 (1927); *Beer's Case,* 125 Me. 1, 130 A. 350 (1925). Also, where an employee must travel during the course of his employment, as in the case of a travelling salesman, injuries occurring during the travel are held to arise out of and in the course of employment. *See Kimball's Case,* 132 Me. 193, 168 A. 871 (1933). Finally, if an employee makes a trip with a *"dual purpose"* of furthering the employer's interest and of furthering some personal interest, any resulting injury is compensable if the trip would have been made in spite of the absence of the personal interest. *See Sargent v. Raymond F. Sargent, Inc.,* Me., 295 A.2d 35 (1972).

3. A number of courts have elected to treat injuries to commuting police officers as arising out of and in the course of employment, regardless of whether the injury resulted directly from the officer's official duties. *See Sweat v. Allen,* 145 Fla. 733, 200 So. 348 (1941); *King v. City of Clinton,* 343 S.W.2d 185 (Mo.App.1961); *Jasaitis v. Paterson,* 31 N.J. 81, 155 A.2d 260 (1959). In these cases, the fact that a police officer is on 24-hour call seems to have been determinative of the result. *But see McKiernan v. City of New Haven,* 151 Conn. 496, 199 A.2d 695 (1964); *Blackley v. City of Niagara Falls,* 284 App.Div. 51, 130 N.Y.S.2d 77 (1954). In other cases, policemen have been awarded compensation for injuries received during the course of performing job-related acts, such as breaking up brawls or securing aid for injured victims of accidents, despite the fact that the

policemen were off duty or were not compensated. *See Warg v. City of Miami Springs,* Fla., 249 So.2d 3 (1971); *Krasnoff v. New Orleans Police Dep't.,* 241 So.2d 11 (La.App.1970); *Van Ness v. Borough of Haledon,* 136 N.J.L. 623, 56 A.2d 888 (1948); *Rightmeyer v. Totowa Borough,* 16 N.J.Misc. 161, 197 A. 650 (1938). It appears that in some jurisdictions, therefore, there may be special rules applicable to injuries received by policemen. *See generally,* 1 A. Larson, *The Law of Workmen's Compensation* § 16.12 (1978).

We do not feel compelled to decide in this case, however, whether we should adopt such a special, rule. The evidence is not satisfactory to establish here that appellee was on 24-hour call. Moreover, there was evidence that appellee had checked in that morning with his superiors and had checked out when he went home for lunch. This fact, in conjunction with the employment contract delineating appellee's hours of work, demonstrates that appellee had identifiable time and space limits on his job. Under the circumstances of this case, therefore, the special errand rule seems appropriate. *See Director of Finance of City of Baltimore v. Alford,* 270 Md. 355, 311 A.2d 412 (1973).

4. In *Rawson's Case,* 126 Me. 563, 140 A. 365 (1928) we noted four exceptions to the *"public streets"* rule. As noted in *Oliver v. Wyandotte Industries Corp., supra,* at 862, however, there was no suggestion in *Rawson's Case* that these exceptions were exclusive.

5. The City of Rockland cites two cases in which the employer requested an employee to return from lunch earlier than usual but where

sation for total incapacity was not justified in this case.

In its decree, the Commission stated that *"it appears that there was a likelihood the employee might be able to return to his duty."* The Commission then noted the absence of evidence regarding whether appellee had in fact returned. The Commission subsequently ordered compensation for total incapacity to be paid from the date of the accident until the date appellee had actually returned to work or, if he had not done so, until further order.

From the terms of the decree it appears that further information was necessary before the Commission could calculate the time period for which compensation for total incapacity should be paid. Moreover, there is an internal inconsistency in the decree between the Commission's finding that appellee might be able to return to work and its subsequent order for compensation for total incapacity.

In *Tiko v. Hiram Ricker & Sons, Inc.,* Me., 251 A.2d 510 (1969) we suggested that rendering more than one decree *"is not good practice and tends to cause confusion."* It appears here this decree was either premature or was to be followed by another decree. We, therefore, feel compelled to reiterate our suggestion in *Tiko.* Because of the inconsistency and inconclusiveness of this decree, we remand this case to the Commission for determination of the time period for which compensation for total incapacity should be ordered. Further hearing may be had if necessary.

The entry must be:

Appeal denied in part and sustained in part.

Cross-appeal denied.

Remanded to the Worker's Compensation Commission [6] for further proceedings consistent with the opinion herein.

Further ordered that the appellant/cross-appellee pay to the appellee/cross-appellant an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

---

compensation was denied for injuries occurring during the journey back from lunch. *See O'Donohue v. Inredeco, Inc.,* 162 Conn. 627, 295 A.2d 567 (1972); *Jamison v. New York State Temporary Comm'n. on Agriculture,* 308 N.Y. 683, 124 N.E.2d 321 (1954). We do not find these cases persuasive however. In *O'Donohue,* the employee had left for lunch forewarned that he would have to return early. The employee accordingly could have planned his lunch around his employer's request. Here,

the unexpectedness of the call contributed to the special inconvenience and urgency of appellee's journey to the courthouse. In *Jamison* it is not clear from the facts what were the circumstances surrounding the employer's request to return.

6. Name changed from Industrial Accident Commission to Worker's Compensation Commission by P.L. 1978, C. 612.