ROBERTS' CASE.

Cumberland.    Opinion November 21, 1924.

*Where the only access to a manufacturing plant from the public streets is over land of another by a right of way in which the employer has a right of passage for all persons having business with it and for its employees in going to and from their work, an injury received by any employee while on his way home from his work and while passing along such right of way may be said to have arisen out of and in course of his employment.*

The period of employment within the meaning of the Compensation Act does not begin and end with the actual work the employee was employed to do, but covers the period between his entering his employer's premises a reasonable time before beginning his day's work, and his leaving the premises within reasonable time after his work is finished, and during the usual lunch hour, he being in a place where he reasonably may be in connection with his duties, or entering or leaving the premises by any way he may reasonably select.

On appeal. A petition by Violet J. Roberts, a minor, by next friend, daughter of Seth Roberts, deceased, praying for compensation as a dependent. Seth Roberts, father of claimant, on June 2, 1923, while in the employ of Portland Rendering Company as a laborer, having finished his day's work, and going from the plant of the company to the public street over land of the Grand Trunk Railway, the employer having a right of way over said land for all of its employees, and it being the only means of access to and from the plant of employer to the public streets, was struck at the railroad crossing by a locomotive of said railway company and killed. The only question at issue on the appeal from the awarding of compensation was as to whether the injuries so received by the employee were received "in the course of his employment" within the meaning of the Compensation Act. Appeal dismissed. Decree affirmed with additional costs.

The opinion states the case.

*Harry E. Nixon and Sherman I. Gould,* for claimant.

*Clement F. Robinson,* for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.   Appeal from a decree awarding compensation under the Workmen's Compensation Act.

The employee, who lost his life in the accident, was at the time employed by the Portland Rendering Company at its plant in the city of Portland.

The only access by teams or automobiles to the nearest public street from the premises of the Rendering Company, where the deceased was employed, is over the land of the Grand Trunk Railway by a private way, which crosses tracks of the Railway about thirty feet from the land of the Rendering Company on which its plant is located.

The Chairman of the Industrial Accident Commission found, and there was evidence to support the finding, that the Rendering Company had obtained from the Grand Trunk Railway the right to use this private way in connection with its plant as a means of ingress and egress for such as might have business with it, its own teams, and its employees in going to and from their work, and that the Rendering Company so far as was necessary for its uses kept the way in repair.

The deceased at the time of the accident had just finished his work for the week and was leaving the plant of the Rendering Company on Saturday noon in his automobile over this private way.  As he was crossing the railroad tracks above described he was struck by a locomotive of the Grand Trunk Railway and received the injuries which resulted in his death.

The sole ground upon which the respondents ask that their appeal be sustained, is that the Chairman erred as a matter of law in holding that the injuries so received by the employee were received "in the course of his employment."

In construing this phrase the courts are not in accord as to when the "course of employment" begins and ends.  Two rules, however, appear to be generally accepted:  First, that injuries received by an employee in going to and from his work on a public street or in a public conveyance, unless his means of conveyance is furnished by his employer, are not received in "the course of his employment"; Bradbury's Workmen's Compensation Law, 2d Ed., Vol. 1, Page

403, 404; *Hills* v. *Blair*, 182 Mich., 20, 26; *Rourke's Case*, 237 Mass., 360, 363; *Bell's Case*, 238 Mass., 46, 50; *In re McInerney*, 225 N. Y., 130, 133; *Fairbanks* v. *Ind. Com.*, 285 Ill., 11; Second, that "the course of his employment" does not begin and end with the actual work he was employed to do, but covers the period between his entering his employer's premises a reasonable time before beginning his actual work and his leaving the premises within a reasonable time after his day's work is done and during the usual lunch hour, he being in any place where he may reasonably be in connection with his duties or entering or leaving the premises by any way he may reasonably select. *Dulac's Case*, 120 Maine, 31, 34; *Stacy's Case*, 225 Mass., 174; *Bylow* v. *St. Regis Paper Co.*, 166 N. Y. Suppl., 874, 877; *Fournier's Case*, 120 Maine, 236, 240; *Westman's Case*, 118 Maine, 133; *Bradbury's Workmen's Compensation Law*, 2d ed., Vol. 1, Page 402; *Bryant* v. *Fissell*, 84 N. J. L., 72. Also see *White's Case*, 120 Maine, 62, 63, where the same general rule is laid down.

Where, however, the employee is about to enter the premises of his employer, or has left them, over some private way or land over which his employer has no control, and in using which the employee may be a trespasser, or at best a mere licensee, but by a way customarily used by his fellow employees without objection by his employer, and the way used is one of several practical and convenient means of access to his employer's premises or the only practical means of access thereto, and which it must have been anticipated by his employer that he would use in coming to and going from his work, the courts have not yet arrived on common ground. *Sundine's Case*, 218 Mass., 1; *Stacy's Case*, supra; *Fumiciello's Case*, 219 Mass., 488; *Bell's Case*, supra; *Bylow* v. *St. Regis Paper Co.*, supra; *Procaccino* v. *Horton & Sons*, 95 Conn., 408; *Judson Mfg. Co.* v. *Ind. Acc. Com.*, 181 Cal., 300; *DeConstantin* v. *Pub. Ser. Com.*, 75 W. Va., 32; *Reed* v. *Bliss & Van Auken Lumber Co.*, 225 Mich., 164, 196 N. W. Rep., 420; *Cudahy Packing Co.* v. *Ind. Acc. Com.*, 60 Utah, 161; also see *Cudahy Packing Co.* v. *Mary A. Parramore*, 263-418 U. S. In applying the conclusions arrived at in the different jurisdictions, heed must be given to the language of the Act of that jurisdiction. For instance, the Utah Act covers accidents, wherever occurring, and either arising out of *or* in the course of the employment. A difference which might well account for the extent to which the court went in that case, the accident happening in a public street.

Without undertaking to lay down a general rule to cover all cases of this nature, we are of the opinion that the injuries received by the employee in the case at bar were clearly received within "the course of his employment" within the meaning of Section 11 of our Compensation Act. We see no difference in principle here and in the case of a common stairway leading to an upper story of a building in which the employer's plant is located, over which stairway the employer may have no control, but a right to use, it being the only means of ingress and egress to and from his premises. *Sundine's Case,* supra. The mere fact that the employee in that case was going out to lunch in midday cannot affect the principle, if "the course of employment" also covers the entering or leaving the employer's premises before and after work. A right of way such as the Chairman found, and the evidence shows, existed in the case at bar may well be regarded as a part of the employer's premises.

> *Appeal dismissed.*
> *Decree below affirmed with*
> *additional costs.*