Kinslow's Case

York.   Opinion April 1, 1927.

*Under the Workmen's Compensation Act the injuries received by an employee in going to and from his work on a public street or in a public conveyance are not injuries received in the course of his employment unless the means of conveyance is furnished by the employer.*

On appeal.   A workmen's compensation case where the injuries received by an employee were sustained while he was going along a public street in a conveyance which was neither a public conveyance nor one furnished by the employer, but furnished by himself when going to and from his work.   Compensation was awarded and an appeal taken.   Appeal sustained; Case remanded to the court below for decree in accordance with the opinion.

The case fully appears in the opinion.

*Perley H Ford and Edward S. Titcomb*, for petitioner.

*Leon V. Walker and Verrill, Hale & Ives*, for respondents.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BASSETT, JJ., MORRILL, A. R. J.

PHILBROOK, J.   On September 3, 1925, the petitioner, together with several other carpenters, was employed by R. J. Grant on a job at Kennebunk Beach where Grant was constructing a cottage.   Mr. Kinslow lived at Kennebunk.   While Mr. Grant was responsible for the transportation of other employees to and from Kennebunk to the place where they were doing the work, yet it was agreed that Mr. Kinslow should furnish his own transportation, which he did. On the night of September second, Kinslow had arranged with the owner of a garage located at Kennebunk Landing to leave his car on the morning of September third to have certain repairs made, with the understanding that the garage man would carry him the rest of the way to his work on the morning of September third.   On

the arrival at the garage on September third, Kinslow left his car, and with other carpenters, secured an automobile at the garage to be driven by a boy who was working at the garage.    Before going far, the automobile was overturned;   and Mr. Kinslow received serious injuries.

The respondents filed answer alleging that the injuries set forth in the petition, and under the. circumstances above stated did not result from an accident arising out of and in the course of the employment of said petitioner, by said Grant.    The chairman of the Industrial Accident Commission held otherwise and awarded compensation.    There seems to be no dispute as to the facts of the case;  and the question of law herein, is whether under these circumstances the petitioner did or did not receive an accidental injury arising out of and in the course of his employment.

In *Robert's Case*, 124 Maine 129, the court held as an established rule that injuries received by an employee in going to and from his° work on a public street or in a public conveyance are not injuries received in the course of his employment unless the means of conveyance is furnished by the employer.

This rule seems to apply plainly to the instant case for the means of conveyance by which the petitioner was riding was not one furnished by the employer but one furnished by himself when going to and from his work on the public street.

· The rule just stated as found in *Robert's Case* is in harmony with the great weight of authority in this country;  and the mandate must therefore be

> *Appeal sustained;*
> *Case remanded to the court*
> *below for decree in accord-*
> *ance with this opinion.*