## LITTLEFIELD'S CASE.

### York. Opinion April 1, 1927.

*In workmen's compensation cases where transportation is furnished by the employer as an incident of employment, an injury suffered by an employee while going or coming in the vehicle furnished by the employer arises out of and is within the course of the employment.*

On appeal. Petition of Margaret A. Littlefield as dependent widow of George W. Littlefield who was fatally injured while being conveyed with a fellow workman to his work under an arrangement made by the employer. Compensation was awarded and respondents appealed. Appeal dismissed. Decree below affirmed.

The case appears in the opinion.

*Harold H. Bourne,* for petitioner.

*Leon V. Walker, and Verrill, Hale, Booth & Ives,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BASSETT, JJ., MORRILL, A. R. J.

PHILBROOK, J.   George W. Littlefield, the deceased husband of the petitioner, on September 3, 1925 was employed as a carpenter by Randall J. Grant. Mr. Grant had contracts for building at different places and among others he had a contract for work to be performed at Kennebunk Beach. When Mr. Littlefield entered the employment of Mr. Grant it was agreed between them that Mr. Grant would be responsible for the transportation of Mr. Littlefield from Kennebunk Village, where Mr. Littlefield lived, to the point at Kennebunk Beach where the work was being performed. Usually Mr. Littlefield rode to the work at Kennebunk Beach in a truck owned and driven by Mr. Grant. On the morning of September 3, 1925, Mr. Grant was obliged to go in another direction and was unable to transport Mr. Littlefield to the beach in his own automobile, so Mr. Grant arranged for Mr. Littlefield to ride to the work with Frank

Kinslow, a fellow workman who was engaged on the same job and who went from Kennebunk Village to Kennebunk Beach in his own automobile. When Mr. Kinslow had proceeded about half way to the point of destination he left his automobile at a garage to have some repairs made and he and Mr. Littlefield continued on their way to Kennebunk Beach in an automobile secured by Mr. Kinslow from the owner of the garage and driven by a young man who was working at the garage. The party had proceeded but a short distance when the automobile was overturned and Mr. Littlefield was thrown out, receiving injuries which resulted in his death that day. Concerning these facts, there seems to be no dispute.

The widow filed her petition with the Industrial Accident Commission, and the employer, together with the insurance carrier, filed an answer alleging that the injuries and death of George W. Littlefield were not due to an accident arising out of and in the course of his employment.

The precise question of law involved in this case has not been passed upon by this court, although it has been considered in a multitude of cases both in the British and American courts.

In *Roberts' Case*, 124 Maine 129, it was held as a generally accepted rule that injuries received by an employee in going to and from his work on a public street or in a public conveyance are not received in the course of his employment unless his means of conveyance is furnished by the employer. In the instant case, Littlefield received his injuries on the public street, but not in a public conveyance. His means of conveyance was furnished by the employer under contract or agreement for transportation as above stated.

This brings the case directly within the provisions of law which apply to accidental injuries received while the employee is going to and returning from his work in a means of conveyance furnished by the employer under agreement with the employee. In the early British cases, and in the later cases in the same jurisdiction, there is a wide difference of views; and in fact, in a very late case, *St. Helen's Colliery Co. vs. Hewetson*, A. C. 59, decided in 1924, the House of Lords overruled certain former decisions upon the subject, notably the case of *Cremins vs. Guiest, Keene & Metalfold*, 1 K. B. 469, from which latter case American courts evidently received much light in deciding earlier cases in this country. The respondents in the case at bar urge us to follow the *St. Helen's case* as being based upon better logic and

reason, but we cannot ignore the great weight of authority in the courts of this country relative to this question.

It is now generally held that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going or coming in the vehicle furnished by the employer and under his control. arises out of and is within. the course of the employment. Some of the leading cases which establish this dictrine are: *Dominguez vs. Pendoia,* (Cal.) 188 Pac. 1025; *Swanson vs. Latham,* 92 Conn. 87, 101 Atl. 492; *Harrison vs. Central Construction Corporation,* (Md.) 108 Atl. 874; *Donovan's Case,* 217 Mass. 76, 104 N. E. 431; *London Indemnity Co. vs. District Court,* 141 Minn. 348, 170 N. W. 218; *Littler vs. Fuller Co.,* 223 N. Y. 369, 119 N. E. 554; *Hackley Co. vs. Industrial Commission,* 165 Wis. 586, L. R. A. 1918A 277, 162 N. W. 921.

In the *Harrison case,* supra, the court declares that when an injury occurs before the beginning or after the termination of the work there are two general rules applicable to the question as to whether it arises out of and in the course of the employment. The first is, that the employee while on his way to work is not in the course of his employment. The second is, that when a workman is employed to work at a certain place, and as a part of his contract of employment there is an agreement that his employer shall furnish him free transportation to or from his work, the period of service continues during the time of transportation, and if an injury occurs during the course of transportation it is held to have arisen out of and in the course of the employment.

In the *Swanson case,* supra, it was held that when the contract with carpenters required them to work outside of their place of residence and the employer agreed, as a part of the contract for work at a place other than their residence, that he would convey them to and from their work in an automobile provided by him, that an injury resulting while they were being transported to their work arises out of and in the course of the employment.

In the *Littler case,* supra, where bricklayers employed to build a house two miles from a railroad station refused to remain on the job unless furnished with free transportation back and forth, and the employer hired a truck to transport them which went into a ditch while returning to the station at night, and injured the employee, it was held that the injury arose out of and in the course of the employment.

And the court said that the day's work began when the employee entered the automobile truck in the morning and ended when he left it in the evening, and further said that the rule was well established that in such cases compensation should be awarded.

In the *Dominguez case,* supra, the employee of a contractor engaged in constructing a municipal water reservoir, who was injured while he went from his home to the reservoir in an automobile truck furnished by the employer for that purpose and was driven by another employee, was entitled to compensation upon the ground that where transportation is furnished by an employer as an incident of the employment to convey an employee to and from the place of employment, and injury was suffered by the employee going and coming in the vehicle so furnished by the employer, and under the control of the employer, arises out of and in the course of the employment.

A multitude of cases might be cited in support of this rule and in harmony with the great weight of authority, although cases may be found where courts have reached a different result.

In the instant case, although Mr. Littlefield ordinarily rode in the automobile furnished and driven by Mr. Grant, or by his son, yet at the time of this particular accident he was riding in a car owned and driven by a fellow workman, Mr. Kinslow. But the riding with Mr. Kinslow was at the request of Mr. Grant, and in furtherance of Mr. Grant's agreement to convey Mr. Littlefield to and from his work. The further fact that Mr. Kinslow left his own automobile at a garage and took another conveyance and another driver was only part and parcel of the original attempt to transport Mr. Littlefield to his work and we cannot conceive that the ownership of the second automobile affects the question in this case. If Mr. Kinslow's automobile had entirely broken down when it had transported them only a short distance, and he was obliged to resort to another conveyance or another automobile, yet the conveyance would all be a part of the original undertaking to transport Mr. Littlefield to his work.

Under the facts in the case, and the weight of authority as above referred to, we hold that Mr. Littlefield received an accidental injury, which resulted in death, and that the injury arose out of and in the course of his employment.

The mandate therefore will be

*Appeal dismissed;*
*Decree below affirmed.*