RAWSON'S CASE

Androscoggin.   Opinion February 8, 1928.

*An employee, whose duty it was to get employer's mail at Post Office during noon hour, carry same to his own home, telephone contents of important letters and then eat lunch and return to his work at the regular hour in the afternoon, incidentally bringing mail to the office when he returns, suffers no compensable injury by reason of slipping on the sidewalk and fracturing his hip, while thus returning to place of employment, as such an injury cannot be said to have occurred in the course of his employment.*

On Appeal.  A Workmen's Compensation case.  There was no dispute about the facts.  The only question involved was as to whether the injury was one arising out of and in course of claimant's employment.

Compensation was awarded and respondents entered an appeal. Appeal sustained.

The case fully appears in the opinion.

*Harry Manser*, for claimant.

*Hinckley, Hinckley & Shesong*, for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J.  Workmen's Compensation case.  On appeal from decree awarding compensation.

Petitioner was an office employee of respondent.  It was his duty, during the noon hour, to go to the Post Office for his employer's mail and after examining same to telephone such orders as required immediate attention.  After doing this, he ate lunch at his own home and, later, returned to his work, bringing the mail with him to the office.

In proceeding from his place of work to the Post Office, and in walking from the Post Office to his home, he travelled a different route

than that directly used in going from his place of work to his home. On leaving his home, after lunch, he went directly to his work by the usual route travelled by him, morning and night.

On the day of the accident, petitioner had proceeded to the Post Office, received the mail, carried it to his home, telephoned the one rush order received, eaten his lunch and was returning to his work, by the direct route, when he fell on the icy sidewalk and received the injury of which he complained.

The facts are not in dispute. The Commission found that the injury was the result of "an accident arising out of and in the course of his employment." From that finding respondent appeals. Whether or not the facts justify such a finding is the sole issue in the case.

This court has not passed on an exactly similar case. *Fogg's Case*, 125 Me. 168, involved an injury to a fireman. He was injured while on his way home to his noonday meal. The court held the injury compensable, on the ground that the injured man was subject to duty, at all times, even while at his meals. *Beers' Case*, 125 Me. 1, involved an injury while a workman was on his way to his home to dinner, but he was riding in a conveyance furnished by the employer and so riding at the employer's request, to save time, there being no stated noon hour. To the same effect is *Littlefield's Case*, 126 Me. 159. These cases more nearly approach the instant case than do any others in which this court has found liability. They are exceptions to the general rule that an injury resulting from an accident in a public street is not compensable even though the injured person is on his way to or from his work. *Paulauskis' Case*, 126 Me. 32; *Kinslow's Case*, 126 Me. 157; *Ferrerri's Case*, 126 Me. 381, 138 Atl. 561.

This general rule is subject to certain definite classes of exceptions. They are well set forth in *Whitney* v. *Hazard Lead Works et al*, 136 Atl. 105 (Conn). Four of them may be noted: (1) Where the employment requires the employee to travel on the highway; (2) Where the employer contracts to and does furnish transportation to and from work; (3) Where the employee is subject to emergency calls, as in the case of the fireman; (4) Where the employee is using the highway in doing something incidental to his employment, with the knowledge and approval of the employer.

The present case does not fall within these exceptions.    It is true that in going to the Post Office from his place of work on an errand for his employer, petitioner was attending to a duty which had been assigned to him as a part of his daily work;  but after reaching his home and telephoning the rush orders to the office, the service to be rendered his employer ceased.    He was then at leisure to eat his lunch and return to his work at his own time, so long as it was within the limits of his noon recess, by such route as he should select and by such means of conveyance as he desired.

When he returned, he was to bring with him such mail, if any there was, as he had received at the Post Office, but the carrying of the mail on his return journey was incidental.    The primary object in view was to return to his work.    This he would have done regardless of whether or not there was mail to carry.

While thus in the street, petitioner was in no different position than that of any employee going to and from his home and his place of work, and was subject to no greater or different risk than that of any other pedestrian.    The injury cannot be said to have occurred in the course of his employment.    *Eby* v. *Industrial Accident Commission*, 242 Pac. 901; *Guarantee & Accident Co.* v. *Industrial Accident Commission*, 213 Pac. 977.

*Appeal sustained.*