**Daniel G. BOYCE**

v.

**Michael POTTER.**

Supreme Judicial Court of Maine.

Argued May 13, 1994.

Decided June 6, 1994.

Michael J. Dostie (orally), Rella, Dostie, Tucker & Rair, P.A., Bangor, for plaintiff.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

ROBERTS, Justice.

This appeal involves a personal injury action, stemming from an automobile accident, filed by Daniel Boyce, a passenger in a van owned and driven by co-worker Michael Potter, as the two were traveling to their distant job site. The Superior Court (Somerset County, *Kravchuk, J.*) entered a summary judgment in favor of Potter based on his affirmative defense of co-employee immunity pursuant to the Workers' Compensation Act. Contrary to Boyce's contention, the court did not err in concluding that his claim was barred by the application of the "traveling employees" exception to the "public streets" rule. We affirm the judgment.

The facts are not in dispute. Boyce and Potter, residents of Somerset County, were employed as painters by Greg McMorrow, a painting contractor who operated at various sites throughout central Maine. In May 1991 the two employees were scheduled to work at a site in Knox County. McMorrow customarily paid them for their travel time, Potter at an hourly rate and Boyce a flat sum. McMorrow had secured payment of workers' compensation as required by 39 M.R.S.A. §§ 4, 21–A (1989), *replaced by* 39–A M.R.S.A. §§ 104, 401 (Supp.1993), respectively.[1] Although both employees received workers' compensation benefits as a result, Boyce filed a negligence action against Potter. Pursuant to Potter's motion for a summary judgment, the court concluded that the two were "traveling employees" and that Boyce's injuries were covered by the Act because they arose out of and in the course of his employment.

The traveling employee is a well-established exception to the public streets rule, which provides that an injury occurring while the employee is on his way to or from his employer's premises, without more, is not compensable. *See Waycott v. Beneficial Corp.,* 400 A.2d 392, 394 (Me.1979); *Oliver v. Wyandotte Indus. Corp.,* 308 A.2d 860, 861–62 (Me.1973). Traveling employees are employees for whom travel is an integral part of their jobs, such as those who travel to different locations to perform their duties, as differentiated from employees who commute daily from home to a single workplace. Traveling employees' travel is deemed a work-related risk. *See, e.g., Brown v. Palmer Constr. Co.,* 295 A.2d 263, 264 (Me.1972). Potter and Boyce share the essential characteristics of traveling employees: travel is an integral part of their job, their job site has no fixed location, and they are paid by their employer for their travel time. In these respects, they differ from ordinary commuters, and are exposed, by virtue of their employment, to risks greater than those encountered by the traveling public. *Abshire v. City of Rockland,* 388 A.2d 512, 514 (Me. 1978); *Rawson's Case,* 126 Me. 563, 564, 140 A. 365 (1928); *see also Kimball's Case,* 132 Me. 193, 195, 168 A. 871 (1933); *Littlefield's Case,* 126 Me. 159, 160, 136 A. 724 (1927); *Beer's Case,* 125 Me. 1, 3, 130 A. 350 (1925);

---

1. 39 M.R.S.A. § 4, which was not materially altered by its replacement, provided in pertinent part that "[a]n employer who has secured the payment of compensation ... is exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of his employment. ... This exemption from liability applies to all employees...." Section 21–A and its replacement provide that every private employer is subject to the Act.

*Van De Walle v. American Cyanamid Co.,* 477 F.2d 20, 22 (5th Cir.), *cert. denied,* 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973). *See generally* 1 Arthur Larson *Workmen's Compensation Law* § 67.21 (1993); 82 Am.Jur.2d *Workers' Compensation* § 299 (1992).

We also reject Boyce's contention that the "ride share" provision of the Act, 39 M.R.S.A. § 51(2), applies to his case.[2] That provision simply insures that the public streets rule is not abrogated because the employee participates in either an employer-sponsored or private car pool. It does not address whether the men were "traveling employees" at the time of the accident.

██ It is not *merely* travel on a highway that creates a risk of compensable injury; if that were so, every ordinary commuter would be covered under the Act. Rather, it is the job's *requirement* of travel and the employer's authority and control in assigning its employees to different work sites that increase the normal risk and render compensable any injury suffered during such travel. *See Comeau v. Maine Coastal Servs.,* 449 A.2d 362, 366–67 (Me.1982); *Wing v. Cornwall Indus.,* 418 A.2d 177, 179 (Me.1980). The facts in this case support the trial court's implicit conclusion that a causal connection existed between Boyce's employment activity and his injury. *Bryant v. Masters Mach. Co.,* 444 A.2d 329, 333 (Me.1982). The court properly determined that Boyce's injury was compensable under the Act. *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me. 1992); *Gilbert v. Maheux,* 391 A.2d 1203, 1206 (Me.1978); *Brown,* 295 A.2d at 264–65; *Rawsons' Case,* 126 Me. at 564, 140 A. 365.

The entry is:

Judgment affirmed.

All concurring.

---

2. The statute provided in pertinent part:
     An employee injured while participating in a private, group or employer sponsored car pool, van pool, commuter bus service or other rideshare program, having as its sole purpose the mass transportation of employees to and from work, for the purposes of this Act, shall not be deemed to have received personal injury arising out of or in the course of his employment. 39 M.R.S.A. § 51(2) (1989), *replaced by* 39–A M.R.S.A. § 201(2) (Supp.1993).