Lilia TWOMBLY, Plaintiff,

v.

**AIG LIFE INSURANCE COMPANY, Defendant.**

No. Civ. 98–182–B.

United States District Court, D. Maine.

April 21, 1999.

David Lipman, Lipman & Katz, Augusta, ME, for plaintiff.

Barbara Cardone, Rudman & Winchell, Bangor, ME, for defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff Lilia Twombly ("Plaintiff") brings this diversity action alleging that Defendant AIG Life Insurance Company ("Defendant") improperly denied her claim for certain benefits under an occupational accident insurance policy. She asserts she is entitled to accident medical expense benefits in the amount of $250,000.00, weekly accident indemnity benefits totaling $10,400.00, and permanent total disability benefits in the amount of $239,600.00. Defendant has filed a counterclaim seeking a declaratory judgment that the circumstances that gave rise to Plaintiff's injuries are not covered under the policy. Before the Court are the parties' Cross–Motions for Summary Judgment. For the reasons discussed below, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

## I. SUMMARY JUDGMENT

Summary judgment is appropriate in the absence of a genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under the applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir. 1993). Facts may be drawn from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed.R.Civ.P. 56(c). For the purposes of summary judgment the Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

## II. BACKGROUND

In June of 1995, Plaintiff was a participant in the Americorps National Service Program ("Americorps"). One of Plaintiff's job responsibilities was to educate migrant farm workers about the proper handling of pesticides and other public health issues. She typically would travel to a field site in her own vehicle, leaving either directly from her home in Lincoln, Maine or from her office in Bangor, Maine.

On June 16, 1995, Plaintiff was scheduled to meet with clients in Houlton, Maine to discuss an upcoming training session on pesticide use. Plaintiff left her house in Lincoln that day between 8:00 and 9:00 A.M. She first went to a bank to cash her paycheck so that she could pay for the gas required to get to Houlton. She then put

gas in her car and stopped by the Bangor office to photocopy some materials to be provided to the clients in Houlton. Plaintiff left the Bangor office and drove directly to Houlton, where the meeting lasted approximately 30–40 minutes.

At the conclusion of the meeting, Plaintiff headed back to her home in Lincoln, driving south on Interstate 95. Near Millinocket, Maine, Plaintiff was involved in a one-car accident. As a result of her injuries, Plaintiff suffered permanent brain damage and substantial loss of her ability to function, and incurred medical bills exceeding $300,000.00.

As an Americorps participant, Plaintiff was insured under an occupational accident policy issued by Defendant ("the Policy"). The Policy provides for five possible types of benefits: Accidental Death benefits, Accidental Dismemberment benefits, Accident Medical Expense benefits, Weekly Accident Indemnity benefits, and Permanent Total Disability benefits. Plaintiff submitted a claim for the latter three benefits which Defendant denied in its entirety.

The Policy has one "Eligibility and Classification of Insured" section and two "Description of Activity" sections. The "Eligibility and Classification of Insured" section reads as follows:

All members of the Policyholder as described above will be covered for accidental injury sustained while they are:

☑ Participating in any scheduled, sponsored and supervised activity.

☐ Direct travel to or from such activity. N/A

(Chisolm Aff.Ex. 1.) The two "Description of Activity" sections state, respectively: "Occupational Only: 24 [Hour] coverage while on Business of a sponsoring member. Excluding commutation to and from" and "Occupational Only: 24 Hour coverage while on Business of a sponsoring Member of the Americorps National Service Program Excluding Commutation to and from." (Chisolm Aff.Ex. 1.) The Policy

does not define the terms "travel" or "commutation."

The Policy incorporates a list of general exclusions, none of which relate to the situation presented in this case. In a section of the Policy entitled "Accident Medical Expense Exclusions," the following exclusion is listed: "An accident which occurs while the Insured Person is traveling to and from work." (Chisolm Aff.Ex. 1.) No specific exclusions are listed under the Policy's Weekly Accident Indemnity and Permanent Total Disability provisions.

## III. DISCUSSION

Defendant contends that it is entitled to summary judgment because the Policy, by its plain language, does not provide coverage while an insured is traveling to or from a covered activity, and at the time of her accident, Plaintiff was traveling home from a covered activity. Defendant argues that while the Policy covers injuries sustained during an employer-sponsored event, it does not cover injuries sustained in transit to or from the employer-sponsored event. It points to the fact that the box next to the phrase "direct travel to or from such activity" under the "Eligibility and Classification of Insured" section of the Policy is not checked off, and that in fact the notation "N/A" ("not applicable") is typed in next to that option. It also notes that the Policy states twice that an insured is covered while engaging in Americorps business "[e]xcluding [c]ommutation to and from," and asserts that the word "commutation" is used interchangeably with the word "travel."

Plaintiff, in contrast, argues that she is entitled to summary judgment because her trip to Houlton was covered as "[a] scheduled, sponsored, and supervised activity" according to the "Eligibility and Classification of Insured" section of the Policy, and because none of the "exclusions" listed as such in the Policy apply to her circum-

stances.[1] She rejects Defendant's assertion that, in essence, the "Eligibility and Classification of Insured" and "Description of Activity" provisions constitute an overarching "exclusion" of all travel to or from a covered activity. Plaintiff first observes that the "[e]xcluding commutation to and from" language contained in the Policy's two "Description of Activity" sections is not presented in the form of an "exclusion" per se. Second, she argues that the word "commutation" is ambiguous because it is subject to several reasonable interpretations. In light of this asserted ambiguity, Plaintiff asks the Court to construe the term narrowly in her favor to mean regular travel back and forth on a relatively constant route between two locations. Adoption of this definition in her case would mean that the "[e]xcluding commutation to and from" language only would exclude injuries sustained while Plaintiff was driving between her Lincoln home and the Bangor office.

■ Whether an insurance contract is ambiguous is a question of law for the Court. *See Peerless Ins. Co. v. Brennon,* 564 A.2d 383, 384 (Me.1989). A policy is ambiguous if its language is reasonably susceptible to different interpretations, *see Cambridge Mutual Fire Ins. Co. v. Vallee,* 687 A.2d 956, 957 (Me.1996), or if an ordinary person would not understand that it did not cover certain claims. *See Maine Mut. Fire Ins. Co. v. Grant,* 674 A.2d 503, 505 (Me.1996). In evaluating the intent of the parties, however, the Court must look to the instrument as a whole, *see Peerless,* 564 A.2d at 384–85, and must construe unambiguous language "according to its plain and commonly accepted meaning." *Id.* at 384. Ambiguities are to be resolved against the insurer and in favor of coverage. *See Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co., Inc.,* 584 A.2d 608, 609 (Me.1990).

■ Upon examination of the Policy, Plaintiff's argument that her drive home from the Houlton meeting was a covered, non-excluded activity is unpersuasive. The defect in Plaintiff's argument is her initial premise that all aspects of her trip to Houlton on the day of the accident constituted covered activities under the Policy. The Policy's "Eligibility and Classification of Insured" section, which defines what activities are covered, allows for the possibility that an insured will be covered while "[p]articipating in any scheduled, sponsored and supervised activity," while "travel[ing directly] to and from such activity," or while doing either. It reads as follows:

> All members of the Policyholder as described above will be covered for accidental injury sustained while they are:
>
> ☑ Participating in any scheduled, sponsored and supervised activity.
>
> ☐ Direct travel to or from such activity. N/A

In this case, only the box next to "[p]articipating in any scheduled, sponsored and supervised activity" is checked off. This clearly indicates coverage. In contrast, the box next to "[d]irect travel to or from such activity" is not checked off and the phrase "N/A" is typed in beside it.[2] The Court is convinced that an ordinary person reading this provision would understand (i) the words "direct travel to and from such

---

1. Neither the Permanent Total Disability Indemnity provision nor the Weekly Accident Indemnity provision specify any per se "exclusions" to coverage.

   Although Plaintiff admits that the Accident Medical Expense section of the Policy does list an "exclusion" for "[a]n accident which occurs while the insured Person is traveling to and from work," she contends that this phrase should be construed narrowly against Defendant to refer only to travel between an employee's residence and the employee's regular office location. In other words, Plaintiff's position is that she would be precluded from enjoying Accident Medical Expense benefits only if she had been driving between her Lincoln home and the Bangor office at the time of her accident.

2. The Court observes that Plaintiff never addresses the significance of these notations in her Response to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment.

activity" to refer to any travel to or from any Americorps business occasion, whether the event take place at the Bangor office or at a field site in Houlton (because an event at either location would qualify as a "scheduled, sponsored and supervised activity"), and (ii) the empty box and the phrase "N/A" positioned next to this language to indicate that such circumstances are *not* covered activities under this Policy. The Court is further persuaded that this is the only reasonable interpretation of the "Eligibility and Classification of Insured" section of the Policy, and that this section therefore unambiguously states that an insured is not covered while traveling to or from any Americorps-sponsored event.

■ This determination clarifies the meaning of the seemingly ambiguous term "commutation" found in the Policy's two "Description of Activity" provisions. These provisions state that an insured is covered any time she is "on [the][b]usiness of [a sponsoring member of Americorps] [e]xcluding commutation to and from." The Court agrees with Plaintiff that the word "commutation," viewed in isolation, is reasonably susceptible to different interpretations and is therefore technically "ambiguous." [3] Plaintiff's production of a reasonable alternative to Defendant's definition of the word "commutation," however, does not conclude the inquiry. The dispositive issue is not simply whether an isolated term in a contract is ambiguous; rather, the salient question is whether the policy, examined in its entirety, is ambiguous. *See Maine Drilling & Blasting, Inc. v. Insurance Co. of North America,* 665

A.2d 671, 673 (Me.1995) ("A[n insurance contract] is to be construed in accordance with the intention of the parties, which is to be ascertained when there is ambiguity by examining the whole instrument."); *Tinker v. Continental Ins. Co.,* 410 A.2d 550, 553 (Me.1980) (noting that ambiguous language in insurance contract may be "resolved by looking to the internal language of the contract as a whole" or by resorting to extrinsic evidence, where available). While the word "commutation" may be reasonably susceptible to different interpretations *in isolation,* in light of the unambiguous language found in the "Eligibility and Classification of Insured" section, the Court is persuaded that this term as used in this Policy describes the type of travel outlined and excluded in the "Eligibility and Classification of Insured" section. In short, the Court agrees with Defendant that the Policy's "Eligibility and Classification of Insured" and "Description of Activity" sections incorporate an exclusion of all travel to or from an employer-sponsored event.[4]

The Court declines Plaintiff's invitation to be guided by the policy considerations embodied in the "traveling employee exception" recognized in Maine worker's compensation law.[5] No issue relating to worker's compensation benefits is raised here, and thus principles of contract interpretation alone govern this case.

■ Plaintiff argues that if the Court rejects her interpretations of the word "commutation" and of the Policy generally, their proper interpretation presents ques-

---

**3.** While Defendant asserts that the word "commutation" refers to all travel to or from an employer-sponsored activity, the Court notes that "commutation" generally refers to "the travel of a commuter," and a "commuter" is defined as "[a] person who travels regularly from one place to another, as from suburb to city and back." *The American Heritage Dictionary* 299–300 (2d ed.1991). This latter definition clearly implicates travel between one's residence and one's regular office location only.

**4.** As Plaintiff points out, the Policy does not characterize the language which serves as the

basis for denial of Plaintiff's claim for benefits as an "exclusion" per se. In the absence of Maine law to the contrary, however, the Court is satisfied in this case that the language in question carries exclusionary force.

**5.** The "traveling employee exception" applies to employees who might otherwise be subject to the " public streets" rule, which precludes worker's compensation coverage if an employee is injured on his way to or from his place of employment. *See Boyce v. Potter,* 642 A.2d 1342, 1343–44 (Me.1994).

tions of fact to be decided by a jury. The Court disagrees. Maine law is clear that it is for the Court to decide whether an insurance policy is ambiguous and to construe an unambiguous policy. *See Banker's Life Ins. Co. of Nebraska v. Eaton,* 430 A.2d 833, 834 (Me.1981). Here, the Court has determined that the Policy is unambiguous and that it excludes from coverage all travel to or from an employer-sponsored event. No questions of fact exist for a jury to decide. Since Plaintiff was traveling home from an Americorps event at the time of her accident, she was not engaged in an activity covered by the Policy. Defendant's Motion for Summary Judgment is granted, and Plaintiff's Cross–Motion for Summary Judgment is denied.

## IV. CONCLUSION

For the reasons outlined above, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.

*SO ORDERED.*